UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHRISTOPHER PARKER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV2263 HEA |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying the application of Plaintiff for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq. For the reasons set forth below, the Court will reverse the Commissioner's denial of Plaintiff's application and remand for further proceedings.

**Facts and Background**

Plaintiff was 41 years old at the time of the application. He is a high school

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

graduate. In his applications for disability benefits, Plaintiff claimed that he could no longer work because of bipolar, hearing voices, manic depression, shoulder pain, claustrophobia and asthma. Plaintiff stated that he worked at Schnucks Markets, and as porter/detailer/driver and as a laborer. In April, 2008, Plaintiff stopped working because his asthma kept him from performing his job duties. Plaintiff's medical records reflect a history of bipolar disorder, schizophrenia and an antisocial personality disorder, as well as alcohol and drug use.

At the December 22, 2009 hearing, Plaintiff testified that he has been sober since November 2010. (Tr. 39, 41). He testified that sometimes he is angry and then all of a sudden, he is calm; sometimes he is "rowdy" and "goes off on the deep end." Plaintiff also testified that he meets other people that have problems with sobriety and attends AA meetings and sometimes CA meetings. Plaintiff attends church when he is able to find transportation. Plaintiff takes medications for his impairments and that as long as he takes the medications, he is "ok."

On October 21, 2008, Plaintiff applied for SSI. His application was denied on February 26, 2009. Since Missouri is one of several test states participating in modifications to the disability procedures, see 20 C.F.R. § 416.1406, Plaintiff's appeal in this case proceeded directly from the initial denial to the hearing level. Plaintiff filed a Request for Hearing by Administrative Law Judge. Plaintiff

appeared and testified before ALJ Terrell Eckert, Jr. on December 22, 2009. On March 20, 2010, the ALJ issued an unfavorable decision. On October 22, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step

process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing

the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*.  At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523.  At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy.  *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

### ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since October 21, 2008, the application date.  At Step Two, the ALJ found that Plaintiff had the following severe impairments: a left shoulder disorder, status post left shoulder

ligament damage with residual limitation of motion; a left foot disorder, status post remote left foot surgery with a residual limp; and a mixed substance addiction disorder, alcohol, cocaine and cannabis, in remission. The ALJ noted that Plaintiff had also been diagnosed with bipolar disorder, schizophrenia and an antisocial personality disorder, but these diagnoses/impairments "are not severe during periods when the claimant is not using drugs or alcohol. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments in the listings.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform a wide range of light work, except that he is incapable of performing very high stress work. At Step Four, the ALJ determined that Plaintiff cannot perform his past relevant work. At Step Five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. The ALJ concluded that Plaintiff had not been under a disability as defined in the Act. With respect to Plaintiff's mental illness, the ALJ noted that although there is an indication of a suicide attempt in Plaintiff's medical record, the ALJ concluded that taking five pills did not appear to be very consistent with a serious suicide attempt. He further found no medical justification for the change in diagnoses from a bipolar disorder to schizophrenia. The ALJ observed that there

was no evidence that Plaintiff had any ongoing auditory hallucinations absent substance-abuse, and that there was no evidence that Plaintiff had had any significant, ongoing, adverse side effects from any medication.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent

positions from the evidence and one of those positions represents the AL's findings, the court must affirm the AL"s decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

**Discussion**

In his appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) that the ALJ failed to properly consider all the medically determinable impairments and the medical opinion evidence and, thus, failed to properly consider residual functional capacity under the standards contained in *Singh* and *Lauer*; (2) that the ALJ found Plaintiff would be restricted from highly stressful work, which is a significant nonexertional impairment. Once a significant nonexertional impairment has been shown to exist, vocational expert testimony is required and, in its absence, the decision cannot be said to be based upon substantial evidence.

Plaintiff argues that the ALJ found that Plaintiff did not have a severe mental illness in the absence of drug abuse. Plaintiff submits that the decision failed to

properly go through the *Brueggemann*[2] analysis relative to the sequential evaluation process when drug abuse and/or alcoholism is present.

Under the 1996 amendments to the Social Security Act, an individual is not considered disabled "if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C); see also *Brueggemann v. Barnhart*, 348 F.3d 689, 693 (8th Cir.2003).

> Congress eliminated alcoholism or drug addiction as a basis for obtaining social security benefits. Pub.L. No. 104–121, 110 Stat. 852–56 (1996). "An individual shall not be considered disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. 423(d)(2)(C) (disability insurance benefits). See also 42 U.S.C. 1382c(a)(3)(J) (supplemental security income). The claimant has the burden to prove that alcoholism or drug addiction is not a contributing factor. *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir.2002). "If the ALJ is unable to determine whether substance use disorders are a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden has been met and an award of benefits must follow." *Brueggemann v. Barnhart*, 348 F.3d 689, 693 (8th Cir.2003). In other words, on the materiality of his marijuana abuse, a tie would go to [the claimant]. See *id*.

> In the case of alcoholism and drug addiction, an ALJ must first determine if a claimant's symptoms, regardless of cause, constitute disability. *Id*. at 694 (citing 20 C.F.R. § 404.1535(a)) (disability

---

[2] *Brueggeman v. Barnhard*, 348 F.3d 689 (8th Cir. 2003).

insurance benefits). See also 20 C.F.R. § 416.935 (supplemental security income). If the ALJ finds a disability and evidence of substance abuse, the next step is to determine whether those disabilities would exist in the absence of the substance abuse. Id. at 694–95. When a claimant is actively abusing drugs, this inquiry is necessarily hypothetical, and thus more difficult than if the claimant had stopped. *Id*.

*Kluesner v. Astrue,* 607 F.3d 533, 535-538 (8th Cir. 2010)

In *Brueggemann*, the Eighth Circuit outlined in detail the procedures the ALJ must follow in analyzing alcohol-related disability claims. First, the ALJ must "determine whether [the claimant] is disabled. The ALJ must reach this determination initially ... using the standard five-step approach described in 20 C.F.R. § 404.1520 without segregating out any effects that might be due to substance use disorders." *Id*. at 694. This disability determination must be made "without deductions for the assumed effects of substance disorders." *Id*. The ALJ's inquiry "concerns strictly symptoms, not causes...." *Id*.

If all of the claimant's limitations, "including the effects of substance abuse disorders," show disability, "then the ALJ must next consider which limitations would remain when the effects of the substance use disorders are absent." *Id*. at 694–95. "Even though the task is difficult, the ALJ must develop a full and fair record and support his conclusion with substantial evidence on this point just as he would on any other." Id. at 695.

"Only after the ALJ has made an initial determination 1) that [the claimant] is disabled, 2) that drug or alcohol use is a concern, and 3) that substantial evidence on the record shows what limitations would remain in the absence of alcoholism or drug addiction, may he then reach a conclusion on whether [the claimant's] substance use disorders are a contributing factor material to the determination of disability." *Id*.

The ALJ's analysis was inconsistent with the procedure required by *Brueggemann*, 20 C.F.R. § 404.1535, and 20 C.F.R. § 416.935. See Def.'s Br. at 11–12. The ALJ did not conduct the five-step disability determination process based on all of Plaintiff's symptoms "without deductions for the assumed effects of substance disorders." See *Brueggemann*, 348 F.3d at 694. Instead, the ALJ determined that Plaintiff's diagnoses of bipolar disorder, schizophrenia and an antisocial personality disorder "are not severe during periods when the claimant is not using drugs or alcohol." The ALJ concluded, based on the listed severe impairments that Plaintiff was not disabled. The ALJ, however disregarded Plaintiff's other diagnoses as not severe when Plaintiff was not using drug or alcohol. The ALJ, therefore, did not conduct an examination of whether the claimant's alcohol abuse is material to a finding of disability. This analysis clearly does not comply with *Brueggemann* or the regulations on which it is based, and

thus "the ALJ's decision reflects legal error." *Id*. at 695.

In light of the guidance given by the Eighth Circuit in *Brueggemann*, the Court finds the ALJ's legal error was not harmless, and it reverses and remands the case to the Commissioner for further proceedings consistent with this opinion. Because the ALJ will need to re-assess all of the evidence on remand, the Court need not address Plaintiff's remaining arguments.

## Conclusion

For the reasons stated herein, the Court will reverse and remand this matter to the ALJ for a reassessment in accordance with the proper procedures.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **REVERSED** and this matter is **REMANDED** for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 3rd day of May, 2013

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**